NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH M. BALLARD,

 Plaintiff - Appellant,

 v.

FRANK BISIGNANO, Commissioner of
Social Security,

 Defendant - Appellee.

No. 24-6560

D.C. No.
3:24-cv-05082-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted November 6, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Appellant Keith M. Ballard ("Ballard") appeals from the district court's

judgment affirming the Commissioner of Social Security's denial of his

applications for disability insurance benefits and supplemental security income

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Titles II and XVI of the Social Security Act. This court reviews de novo a district court's order affirming the Administrative Law Judge's ("ALJ") denial of social security benefits and reverses only if the ALJ's decision "is not supported by substantial evidence or is based on legal error." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt*, 53 F.4th at 494 (quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under the rules that apply to claims filed before March 27, 2017, such as Ballard's, medical opinions and conclusions from treating physicians are generally accorded substantial weight. *See* 20 C.F.R. §§ 404.1527, 416.927; *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation marks and citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quotation marks and citation omitted).

The ALJ gave partial or little weight to the opinions of treating physician Dr. Don Allison, and examining providers Dr. Peter Weiss, Dr. Travis Podbilski, and Counselor Leann Reed. The ALJ reasonably considered these opinions unpersuasive because they were contradicted by treatment provider records and clinical findings demonstrating generally normal mental status, including normal mood, eye contact, appearance, speech, behavior, reasoning, and thought processes.

Additionally, the ALJ relied on the opinions of two state agency consultants, Dr. Jan Lewis and Dr. Kristine Harrison, who assessed no more than mild to moderate mental and cognitive limitations. The ALJ reasonably gave these opinions great weight because they were "consistent with the record as a whole and with [Ballard's] self-reported activities, which include spending time with family, playing computer games, driving, and performing chores around the house such as cooking, cleaning and laundry." The ALJ also explained that these opinions offered "a broader longitudinal perspective than the one time evaluations performed by Dr. Weiss[,]" because they were based on a review of medical records. Because he provided "specific and legitimate reasons . . . supported by substantial evidence," the ALJ properly rejected the opinions of Dr. Weiss and Counselor Reed. *Garrison*, 759 F.3d at 1012.

Similarly, the ALJ did not err by discounting Dr. Allison's and Dr. Podbilski's assessments that Ballard had debilitating physical limitations. The ALJ reasonably found that these assessments were inconsistent with the overall medical record, which indicated that Ballard had intact strength, normal gait, reflexes, and regular sensation during physical examinations; that he experienced pain relief with medication and muscle relaxers; and that he saw improvements with shoulder surgery and physical therapy. By citing the largely unremarkable findings and evidence of normal functioning in the record, as well as evidence of pain relief and improvement with treatment, the ALJ provided sufficient clear and convincing reasons to discount these opinions. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). And while some evidence in the record may support Dr. Allison's and Dr. Podbilski's opinions, substantial evidence supports the ALJ's determination.

2. When there is no evidence of malingering, the ALJ must provide "specific, clear, and convincing reasons" for rejecting the claimant's subjective symptoms testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective [symptom] testimony." *Smartt*, 53 F.4th at 499 (quotation marks and citation omitted). Here, the ALJ determined that Ballard's impairments

4                                                                24-6560

"could reasonably be expected to cause some of the alleged symptoms" but found Ballard's statements concerning the intensity, persistence, and limiting effects of these symptoms inconsistent with reports of Ballard's actual functioning, treatment records, and other medical evidence in the record.

In reaching this decision, the ALJ again referred to the benign physical examination findings of normal gait, strength, sensation, and range of motion, as well as evidence of appropriate affect, behavior, alertness, orientation, hygiene, eye contact, speech, thought content, and thought process. Additionally, the ALJ noted that provider records, medical evidence, and Ballard's own self-reports demonstrated that Ballard's pain and mental health difficulties lessened with treatment.

Ballard points to abnormal findings in the record to argue that the ALJ improperly rejected his testimony. But "[w]here the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ]." *Garrison*, 759 F.3d at 1010 (quotation marks and citation omitted). Ballard also contends that any amelioration of his impairments through treatment and medication only indicates that his pain was reduced, not that it was eliminated. Ballard's pain need not be eliminated completely for the ALJ to find that his testimony regarding his impairments conflicts with the medical evidence. *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023)

24-6560

(affirming ALJ's rejection of claimant's testimony regarding the intensity, persistence, and limiting effects of his symptoms, in part because claimant had experienced "a gradual improvement in his functioning with prescribed medication and psychotherapy sessions" (quotation marks and citation omitted)).

The ALJ also reasoned that Ballard's alleged limitations were not consistent with the level of functioning in his personal life. On appeal, Ballard argues that the ALJ erred by relying on a few discrete occurrences over a seven-year period in so finding. We do not decide this issue, however, because even if the ALJ did err in this analysis, the error was harmless. "[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by statute*, 20 C.F.R § 404.1502(a). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Because Ballard's testimony was reasonably discounted due to conflicts with the medical evidence in the record, any error by the ALJ in finding that Ballard's testimony conflicted with his daily activities is harmless.

3. Lay testimony as to a claimant's symptoms, or how an impairment affects a claimant's ability to work, is competent evidence and cannot be

disregarded without comment. *Molina*, 674 F.3d at 1114. "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).[1] The ALJ discounted the lay witness statements provided by Ballard's wife and friend because they were "lay opinions based upon casual observation, rather than objective medical evidence." Ballard contends, however, that this is not a germane reason. We do not decide this issue because even if the ALJ erred, the error was harmless. An ALJ's failure to provide a germane reason for disregarding lay witness testimony is harmless if "the lay testimony described the same limitations as [the claimant's] own testimony, and the ALJ's reasons for rejecting [the claimant's] testimony apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122. Here, the lay witness statements described the same limitations as Ballard's testimony. Like Ballard, Ballard's wife and friend reported that Ballard had difficulty standing, sitting, walking, bending, and lifting, and severe mental and cognitive issues due to his depression, difficulty reading, and memory loss. Ballard's wife also noted many of the same daily activities that Ballard described in his testimony. Because the statements described the same limitations as

---

[1] We note that claims filed on or after March 27, 2017, are governed by a revised regulation for the assessment of evidence. *See* 20 C.F.R. § 404.1520c.

24-6560

Ballard's own testimony, and the ALJ's reasons for discrediting Ballard's testimony—inconsistency with medical evidence—apply with equal force to the lay testimony, any error in the ALJ's analysis was harmless. *See id.* at 1115, 1122.

4.     Because the ALJ did not err in discounting the opinions of Dr. Weiss, Counselor Reed, Dr. Allison, and Dr. Podbilski, or Ballard's subjective symptom testimony and the lay witnesses' statements, the ALJ also did not err in determining Ballard's residual functional capacity.

**AFFIRMED.**